Wilde J.
afterward drew up the opinion of the Court. As no express contract was made between the principal and the trustee, the question is, whether the latter can be charged on the ground of an implied promise.
In order to charge a party on an implied assumpsit for services performed, it must be shown that they were performed for the benefit or at the request of the party to be charged. From the facts disclosed, no such benefit or request appears ; on the contrary, the supposed trustee released to the principal the expected, benefit he might have derived from his contract with the town, and this was done for the accommodation of the principal and at his request. This arrangement was made with the approbation of one of the overseers of the poor, acquiesced in by the others, and not objected to by the town. The town was bound to pay for the support of the pauper *57 according to its contract with the trustee. Whether an action would lie against the town in the name of the principal, is a question which it is needless to discuss ; for it would clearly lie in the name of the trustee for the benefit of the principal. There was an equitable assignment of the contract with the town, and it is manifest the parties so understood it. But if the agreement did not amount to an assignment, still the trustee was liable to no action. He merely relinquished his right in the contract. He received no consideration for the relinquishment, made no stipulation that the contract should be fulfilled by the town, and there was no fraud or misrepresentation. When applied to for payment, he did all that was required of him in law or equity by procuring an order on the town treasury. This order he received as the agent of the principal, to deliver over to Drury, and he was bound to deliver it according to his promise. But if he was not so bound, it is quite clear, according to all the decisions on this point, that as holder of a chose in action, he could not be charged as trustee.
Trustee discharged.